IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STEPHEN HAGUEWOOD AND
MARY BETH HAGUEWOOD

VS.                                        CIVIL ACTION NO. 2:06cv79-KS-MTP

GANNETT RIVER STATES PUBLISHING CORPORATION,
D/B/A THE HATTIESBURG AMERICAN,
NIKKI DAVIS MAUTE, JENNY HUNSPERGER,
JOHN DOES 1-5 AND JOHN DOE CORPORATIONS 1-5

ORDER DENYING MOTION TO REMAND

This cause is before the Court on Plaintiffs' Motion to Remand, Response thereto filed by Defendants, Reply by Plaintiffs and Surrebuttal filed by Defendants, and the Court after reviewing the pleadings and authorities cited and examining the applicable law finds that the Motion to Remand should be **denied** for the following reasons.

DISCUSSION

The facts that are relevant to this motion are not in dispute. Defendant, Nikki Davis Maute ("Maute") is the only non-diverse Defendant. Plaintiffs are residents of the State of Mississippi. In the removal, the Defendants claim that Maute is fraudulently joined to defeat diversity in that there is no possibility of recovery against her. Defendants allege Plaintiffs' claims against Maute are time barred. The gold standard in this circuit for fraudulent joinder is *Smallwood v. Illinois Central Railroad Company*, 385 F. 3d 568 (5th Cir. 2004)(*en banc*). If there is no reasonable basis for the District Court to predict that the Plaintiff might be able to recover against the instate Defendant (Maute), then a finding of fraudulent joinder is appropriate.

Maute is alleged to have written a libelous article concerning Plaintiff Stephen

1

Haguewood on June 24, 2004.  The Complaint was filed in the Circuit Court of Forrest County on November 18, 2005.  The causes of action against Maute are liable, defamation, invasion of privacy and other intentional torts and all are based on the June 24, 2004, article.  This Court finds that the torts alleged are barred by the one year statute of limitations. Mississippi Code Ann. § 15 1-35.

Also, the Plaintiffs' claim for negligent infliction of emotional distress is not a recognized tort in Mississippi. *Mitchell v. Random House, Inc.,* 865 F. 2d 664, 672 (5th Cir. 1989). *Pierce v. The Clarion Ledger*, 2006 W.L. 176444, at *5 (S.D. Miss.).

The Plaintiffs have presented an interesting theory on "continuing tort."  Their reasoning is that since the employer of Maute committed a similar tort within the applicable statute of limitations period, then it would relate back and bring in Maute.  The action against Maute was barred before the filing of the Complaint by Plaintiffs. The article written by Maute could possibly be used as evidence by Plaintiffs if there can be an intentional pattern shown by *The Hattiesburg American*.  However, the continuing tort theory does not apply here.  *River Oaks Convalescent Center, Inc., v. Coahoma County*, 28 F. Supp. 2d 565, 569 (N.D. Miss 2003); *Russell v. McMillen*, 685 P. 2d 255, 258 (Colo. App. 1984).

While the theory of reverse respondeat superior is interesting, it is not supported by the law.

## CONCLUSION

For the above reasons, the Motion to Remand filed by Plaintiffs is hereby **denied.** Additionally, the Complaint against Nikki Davis Maute is barred by the statute of limitations and is hereby dismissed with prejudice.  A judgement pursuant to Rule 58 of the Federal Rules of

Civil Procedure will be entered as to the claims against Nikki Davis Maute.

SO ORDERED AND ADJUDGED on this, the 30th day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE